

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BALENCIAGA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN MADDEN, LTD. and<br>STEVEN MADDEN RETAIL, INC.,<br><br>　　　　Defendant. | **14 CV 3627**<br><br>CIVIL ACTION NO.<br>JUDGE(S):<br><br>JUDGE WOOD |

### COMPLAINT

The Plaintiff, Balenciaga (hereinafter "Plaintiff" or "Balenciaga") alleges for its Complaint against Defendants Steve Madden, Ltd. and Steven Madden Retail, Inc. (hereinafter "Defendants" or "Steve Madden") the following:

### I.   PARTIES

1.　Plaintiff Balenciaga is a corporation duly organized and existing by virtue of the laws of France with its principal place of business at 15 Rue Cassette, Paris, France 75006.

2.　Defendant Steve Madden, Ltd. is a corporation duly organized and existing by virtue of the laws of Delaware, with a principal place of business at 52-16 Barnett Avenue, Long Island City, New York, 11104.

3.　Defendant Steven Madden Retail Inc. is a corporation duly organized and existing by virtue of the laws of New York, with a principal place of business at 52-16 Barnett

Avenue, Long Island City, New York 11104, and having retail store locations within this judicial district.

4.  Upon information and belief Steven Madden Retail Inc. is a subsidiary of Steven Madden, Ltd.

5.  Upon information and belief, Defendants are transacting business in the United States and in this Judicial District as Steve Madden shoe stores, and at the Internet website at www.stevemadden.com.

6.  Defendants transact substantial and not isolated business activities within and throughout the State of New York.

7.  Defendants have engaged in trademark infringement, counterfeiting and other wrongful and tortious conduct within the Southern District of New York including, but not limited to the unauthorized manufacture, purchase, importation, sale, distribution, and promotion of products embodying Plaintiff's trade dress in and around the State of New York and throughout the United States and without the Plaintiff's authorization or consent.

## II.   JURISDICTION AND VENUE

8.  On information and belief, Defendants have committed and are committing acts of Trademark Infringement, Trademark Counterfeiting, False Designation of Origin, and Unfair Competition, as hereinafter alleged, in this District, through displaying, importing, distributing, advertising and using Plaintiff's trade dress and copyrighted materials.

9.  This action is for Trademark Infringement, Trademark Counterfeiting, False Designation of Origin and Unfair Competition, arising under the Trademark Act of 1946,

as amended (the Lanham Act 15 U.S.C. § 1051 *et seq.*), and under the Common Law, and Deceptive Trade Practices and Injury to Business Reputation, arising under N.Y. General Business Law §§ 349 and 360-l.

10. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1338(a) (acts of Congress relating to copyrights and acts of Congress relating to trademarks), 1338(b) (pendent jurisdiction over Unfair Competition and Deceptive Trade Practices claims), 15 U.S.C. § 1125 (actions arising under the Trademark Act).

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because the Defendant resides in this Judicial District and/or a substantial part of the events or acts giving rise to the claim occurred in this Judicial District.

12. Plaintiff Balenciaga is one of France's most prestigious fashion labels and is world-renown for innovative, trend-setting couture clothing and fashion accessories. Balenciaga designs are among the most sought-after fashions in the industry. For nearly a century, the Balenciaga has pioneered fashion with innovative designs, which are routinely showcased by top celebrities and style icons. This tradition continues strongly into the present day with Balenciaga's association with celebrities such as Kate Moss, Sienna Miller, Chloë Sevigny, Jennifer Connelly, Nicole Kidman, Kylie Minogue, Cameron Diaz, Sarah Jessica Parker and Vogue editor-in-chief Anna Wintour.

13. While Balenciaga's clothing designs are featured in fashion editorials and are often credited with forecasting the upcoming seasons for women's ready-to-wear apparel, the BALENCIAGA brand is perhaps most well-known for its Classic Bag, which, because of its motorcycle-inspired styling, is often referred to as the "motorcycle bag."

14. The iconic Classic Bag became an instant sensation, drawing wide acclaim among fashion editors.

15. Since its debut, the Classic Bag has been offered for sale in various different colors, shapes, materials and sizes. However, the unique front panel remains consistent throughout these variations. Images of various iterations of Balenciaga's Classic Bag are attached hereto as Exhibit A.

16. Balenciaga's Classic Bag exhibits unique aesthetic features. Balenciaga's Classic Bag embodies an original arrangement of elements.

17. The Balenciaga Classic bag was designed for Plaintiff Balenciaga by Nicolas Ghesquière, a French citizen.

18. Balenciaga began selling its distinctive Classic Bag in the United States in February 2000 and has been sold continuously in the U.S. since that time.

19. Balenciaga's Classic Bag has garnered and continues to attract substantial press coverage in the United States. The Classic Bag has been featured in various U.S. publications such as The New York Times, The New Yorker, USA Today, Vanity Fair, Women's Wear Daily, and Vogue, and others.

20. Balenciaga's Classic Bag has been widely photographed and referenced in the popular media, appearing in publications when carried by front page celebrities, including Nicole Richie, Kate Moss, Penelope Cruz, Demi Moore, Lucy Liu, Gwyneth Paltrow, and many others.

21. Balenciaga's Classic Bag is distinctively designed and easily recognized by consumers. The Balenciaga Classic Bag embodies, without limitation, the following distinctive features: one flat pouch in a quasi-elliptical flap-like shape, featuring near the

top a zippered rectangular closure outfitted with a zipper pull consisting of a strip centrally-knotted and hanging in two equal lengths from a ring attached to the pull, and below it a semi-elliptical patch outfitted with two raised studs in each corner, all being outline-stitched and attached to, and centered near, the top front panel of the bag; and two identical patches in an elongated pentagonal shape with one curved side, featuring an elongated hexagonal patch outfitted with a buckle and two raised studs, one at either end, all being outline-stitched and attached to the bottom corners of the bag's front panel in such a way as to angle inward. (Hereinafter, the collectively referred to as "Balenciaga's Classic Bag Trade Dress").

22. Balenciaga's Classic Bag design has garnered extensive press coverage since at least as early as February 2000, including over the Internet and through various press media.

23. The Balenciaga Classic Bag Trade Dress is famous in the U.S.

24. The Balenciaga Classic Bag has been widely promoted, both in the United States and throughout the world, and Balenciaga Classic Bags are among the world's most famous and widely recognized. Consumers, potential consumers and other members of the public and fashion industry recognize that products bearing the Balenciaga Classic Bag Trade Dress originate exclusively with Balenciaga.

25. Balenciaga's Classic Bag Trade Dress is inherently distinctive and well-known.

26. Balenciaga's Classic Bag Trade Dress is embodied in Balenciaga's valid and subsisting U.S. Federal Trademark Registration No. 3,257,913. A true and correct copy of U.S. Trademark Registration No. 3,257,913 is attached hereto as Exhibit B.

27. Under 15 U.S.C. § 1125, Balenciaga's Classic Bag Trade Dress is a protected trade dress pursuant to the Lanham Act. U.S. Federal Trademark Registration No. 3,257,913 for the Classic Bag Trade Dress is incontestable, pursuant to section 15 of the Trademark Act.

28. The Balenciaga Classic Bag Trade Dress is unique, inherently distinctive and non-functional.

29. Upon information and belief, without permission or authorization of Plaintiff Balenciaga, Defendants manufactured, advertised, offered for sale and sold bags which replicate the Balenciaga Classic Bag Trade Dress (hereinafter, the "Infringing Bag").

30. Defendants' Infringing Bag is comprised of the following features: one flat pouch in a quasi-elliptical flap-like shape, featuring near the top a zippered rectangular closure outfitted with a zipper pull consisting of a knotted strip and hanging in two equal lengths from the pull, and below it a semi-elliptical patch outfitted with two raised studs in each corner, all being outline-stitched and attached to, and centered near, the top front panel of the bag; and two identical patches, featuring an elongated patch outfitted with a buckle and two raised studs, one at either end, all being outline-stitched and attached to the bottom corners of the bag's front panel in such a way as to angle inward.

31. Defendants' Infringing Bag is a studied copy of the Balenciaga Classic Bag Trade Dress. Defendants' Infringing Bag is made of lesser quality materials than those of the Balenciaga Classic Bags marketed by Balenciaga.

32. Upon information and belief, Defendants intentionally copied or caused to be copied the shapes and design elements of Balenciaga's Classic Bag for the specific purpose of infringing on Plaintiff Balenciaga's Classic Bag Trade Dress.

33. Upon information and belief, Defendants marketed, promoted, advertised and sold these unlawful and unauthorized reproductions in its Steve Madden stores and on its website located at www.stevemadden.com. (Pictures of the Infringing Bag and printouts from www.stevemadden.com are attached as Exhibit C.)

34. Defendants' Infringing Bag features shapes and design elements that are identical or virtually identical to the shapes and design elements featured in Balenciaga's Classic Bag.

35. Defendants' Infringing Bag constitutes an identical or virtually identical arrangement to that of the original features and elements which constitute Balenciaga's Classic Bag.

36. Defendants' Infringing Bag infringes upon Balenciaga's Classic Bag Trade Dress and is likely to cause consumer confusion.

37. Upon information and belief, Defendants sold the Infringing Bag at a price significantly lower than those of Balenciaga.

38. Upon information and belief, Defendants offered the Infringing Bag for sale through the same channels of trade as Plaintiff Balenciaga.

39. Upon information and belief, Defendants are attempting to pass its Infringing Bag off as Plaintiff's product in a manner calculated to deceive Plaintiff's customers and members of the general public in that Defendants have copied or caused to be copied Balenciaga's Classic Bag in an effort to make Defendants' Infringing Bag confusingly similar to Plaintiff's Balenciaga Classic Bag and/or pass off Defendants' Infringing Bag as Plaintiff's own Balenciaga Classic Bag.

40. Upon information and belief, the Defendants have engaged in a pattern of deliberate and willful infringement designed to confuse and deceive consumers as to the source and origin of its company's products and trade upon Balenciaga's valuable intellectual property, good will and reputation.

41. The Defendants' reputation for producing knock-offs of designer fashion articles further corroborates Defendants' deliberate pattern of willful infringement and unfair competition. See attached Exhibit D of samples of articles noting Steve Madden's penchant for copying and selling knock-offs of designer shoes and bags.

42. Defendant Steve Madden was sued in October 2009 in this Court by the British design house Alexander McQueen for trade dress infringement of an Alexander McQueen shoe design. *See Autumnpaper Limited, trading as Alexander McQueen v. Steven Madden, Ltd. and Steven Madden Retail, Inc.*, Southern District of New York Case No. 09-CV-08332.

43. Plaintiff also previously initiated a trade dress and copyright infringement action against the Defendant in relation to a distinctive Balenciaga design. *See Balenciaga v. Steve Madden Ltd.*, Eastern District of New York Case No. 09-CV-05458. In 2009, Balenciaga was compelled to file suit against Madden due to Madden's copying of Balenciaga's LEGO Shoes. An image of Balenciaga's LEGO Shoes is attached as Exhibit E, an image of Steve Madden's Shoe is attached as Exhibit F.

44. Defendants continue their pattern of misappropriation of Balenciaga designs, most recently with the copying of Balenciaga's CREEPER Shoe designs. An image of Balenciaga's CREEPER Shoes is attached as Exhibit G.